IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDANT HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEMPUS AI, INC., <br><br> Defendant. | Civil Action No. 25-82-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendant Tempus AI, Inc.'s ("Tempus") Motion for Leave to Amend Answer and Counterclaims (the "Motion") (D.I. 56), which has been fully briefed (D.I. 57, D.I. 59, D.I. 60). Plaintiff Guardant Health, Inc. ("Guardant") opposes the Motion on the grounds that the scope of the proposed amendment and the pace of discovery makes the existing case schedule unviable. For the following reasons, the Court grants the Motion.

### I.   LEGAL STANDARD

"Federal Rule of Civil Procedure 15(a)(2) provides that a district court should 'freely give leave [to amend] when justice so requires.'" *Talley v. Wetzel*, 15 F.4th 275, 286 n.6 (3d Cir. 2021) (alterations in original). "Despite this liberal standard, leave to amend may be denied when there is undue delay, bad faith, dilatory motive, prejudice, [or] futility." *Id.* (quotation marks omitted); *see LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d Cir. 2021). "Amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted." *Talley*, 15 F.4th at 286 n.6 (quotation marks omitted). "When assessing futility, the [d]istrict [c]ourt applies the same standard of legal sufficiency as [it] applies under Rule 12(b)(6)." *Id.* (quotation marks omitted).

II.     **DISCUSSION**[1]

Tempus seeks leave to amend its Answer and Counterclaims pursuant to Federal Rule of Civil Procedure 15(a)(2) to add "new factual support for Tempus's existing false advertising claims." D.I. 57 at 1. Tempus contends that the amendment would also "streamline[] the case by removing claims that are the subject of Guardant's two pending motions to dismiss (D.I. 22; D.I. 46)." *Id.* Guardant does not oppose or contest the proposed amendment itself. Rather, Guardant's response focuses on the impact of the proposed amendment on the existing scheduling order. *See generally* D.I. 59. Guardant contends that it "will suffer undue prejudice if Tempus' proposed amendment is allowed and either the current schedule remains or an inadequate schedule is put into place." *Id.* at 3-4. To support its position, Guardant argues that the proposed amendment would broaden the case and necessitate additional discovery. Accordingly, Guardant contends that any revised schedule should account for the additional allegations introduced by the proposed amendment, as well as the related patent action, *Guardant Health, Inc. v. Tempus AI, Inc.*, No. 24-687, which Guardant argues should proceed to trial first. *Id.* at 4-5.

The Court is not persuaded that an entirely new scheduling order is warranted. Upon review of the current scheduling order (D.I. 36), trial is currently scheduled approximately two years away on September 27, 2027. Additionally, the scheduling order provides a one-year gap between the deadline for the pretrial order and the deadline for dispositive and *Daubert* motions. *See* D.I. 36 (case dispositive motions/*Daubert* Motions briefing to be complete by September 28, 2026 and the proposed pretrial order due September 15, 2027). The Court believes that the existing gap could be used to adjust deadlines and effectively allow additional time for discovery. Although the Court does not adopt the schedule proposed by Guardant, the parties shall meet and confer and

---

[1] The Court writes for the benefit of the parties and assumes familiarity with the case.

submit a joint proposed amended scheduling order. However, the trial date, pretrial conference date and deadlines for the associated pretrial filings including the proposed pretrial order, motions *in limine*, jury instructions, *voir dire*, and the verdict form shall remain unchanged in the joint proposed amended scheduling order. Given that the Court has addressed Guardant's concern regarding undue prejudice, the Court will allow Tempus to amend it Answer and Counterclaims.[2]

### III.   CONCLUSION

For the foregoing reasons, the Court grants Tempus's Motion for Leave to Amend Answer and Counterclaims (D.I. 56).

\* \* \* \* \*

WHEREFORE, at Wilmington this 24th day of November 2025, **IT IS HEREBY ORDERED** that:

1. Tempus AI, Inc.'s Motion for Leave to Amend Answer and Counterclaims (D.I. 56) is **GRANTED**;

2. Tempus shall file its Amended Answer and Counterclaims within three (3) days from entry of this Order;

3. Plaintiff Guardant Health, Inc. shall respond to the Amended Counterclaims within fourteen (14) days of filing;

4. The parties shall meet and confer and, by no later than December 3, 2025, submit a joint proposed amended scheduling order. The current trial date, pretrial conference date and associated pretrial filings including the proposed pretrial order, motions *in limine*, jury instructions, *voir dire*, and the verdict form shall remain in effect;

---

[2] Guardant's response did not argue nor show that Tempus's proposed amendment is futile, dilatory or sought in bad faith. *See The Torrenzano Grp., LLC v. Dorchester Cap. Mgmt. Co.*, No. 08-357, 2010 WL 3615015, at \*2 (D. Del. Sept. 10, 2010).

5. Plaintiff Guardant Health, Inc.'s Motion to Dismiss Defendant Tempus AI, Inc.'s Counterclaims (D.I. 22) and Plaintiff Guardant Health, Inc.'s 12(b)(1) Partial Motion to Dismiss Defendant Tempus AI, Inc.'s State Law Employee-Hiring Counterclaims for Lack of Subject Matter Jurisdiction (D.I. 46) are **DENIED AS MOOT**; and

6. The telephonic hearing scheduled for today at 2:30 p.m. E.T. is cancelled, given the Court's ruling by this Memorandum Order on the Motion (D.I. 56).

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE