**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GUARDANT HEALTH, INC.,<br><br>Plaintiff and<br>Counterclaim-Defendant,<br><br>v.<br><br>TEMPUS AI, INC.,<br><br>Defendant and<br>Counterclaim-Plaintiff. | ) | C.A. No. 25-82-GBW<br><br>[redacted]<br><br>**PUBLIC VERSION - FILED 8/17/2026** |

**ORDER REGARDING VARIOUS DISCOVERY DISPUTES BETWEEN THE PARTIES**

WHEREAS, the Court appointed Karen Keller as Special Master (the "Special Master") in this case pursuant to Federal Rule of Civil Procedure 53(a)(1)(C); and

WHEREAS, the parties submitted various discovery motions (D.I. 165; D.I. 166) and the Special Master having considered the parties' submissions and after hearing argument during a videoconference on July 31, 2026 regarding various motions submitted by both parties in this matter;

IT IS HEREBY ORDERED this 31st day of July, 2026, that:

1. Defendant Tempus AI, Inc.'s Motion to Compel ESI and Text Messages

Tempus's motion to compel Guardant to produce all text messages and chat messages from its ESI custodians is **GRANTED**. Per my ruling on the transcript, Guardant is to produce these documents by August 14, 2026. Also as stated on the record, Tempus must complete its production of all text messages and chat messages from its ESI custodians by August 14, 2026 so that the parties can proceed forward with depositions on even footing.

Tempus's motion to compel Guardant to produce documents from custodians Eltoukhy and Ford is **GRANTED**.

As to Dr. Eltoukhy, Guardant identified Dr. Eltoukhy in its Rule 26 initial disclosures and originally designated him as an ESI custodian in both its initial and updated paragraph 3 disclosures (Tempus Op. Ltr. Br. at Exs. 4 and 5). Dr. Eltoukhy is Guardant's Co-Founder, Chairman and Co-Chief Executive Officer. (*Id.*). In its ESI disclosures, Guardant ranked him as the second individual most likely to have discoverable ESI and in particular noted that Dr. Eltoukhy has discoverable information related to: "Guardant's founding, technology, business financial performance, research and development and products; Guardant's competition in the marketplace, and marketing, including for Guardant 360." (*Id.* at Ex. 4 p. 2). Guardant also identified Dr. Eltoukhy in response to an interrogatory as the first person in a list of eight who "participated in the creation, development, design, or dissemination of the false advertising at issue." (Tempus Op. Ltr. Br. at Ex. 6 p. 7-8 (internal citations omitted)). At argument on the motion, counsel for Guardant would not commit that Guardant would not be calling Dr. Eltoukhy as a witness at trial.

Later in the case, after the parties agreed to produce text messages from their custodians, Guardant removed Dr. Eltoukhy from its list of ESI custodians. He still remains on Guardant's Rule 26 initial disclosures. Guardant's reason for removing Dr. Eltoukhy from its list of custodians is based on Tempus's revision of its counterclaims to remove claims for tortious interference and recruitment and add other claims that relied on new advertisements and a new set of products. (Guardant Ans. Ltr. Br. at 1). It was as a result of this change, according to Guardant, that the relevance of Dr. Eltoukhy "diminished." (*Id.*). Guardant also argued that Tempus already has substantial materials from Dr. Eltoukhy from at least the produced Natera litigation documents which included his deposition transcript and exhibits and all other trial exhibits.

The parties agree that while it is the producing party's decision as to which custodians to list on its ESI disclosures, the receiving party can, upon a showing of good cause, ask the Court for

a party to add custodians. *See Inpria Corp. v. Lam Rsch. Corp.*, C.A. No. 22-1359-CJB, D.I. 586 (D. Del. July 14, 2025). As to Dr. Eltoukhy, I find that good cause exists to add him to the list of disclosed ESI custodians. First, Dr. Eltoukhy was disclosed as having relevant information by Guardant not once, but at least three times: in its Rule 26 disclosures, its ESI disclosures (initial and amended), and its interrogatory responses. (Tempus Op. Ltr. Br. at Exs. 4, 5, and 6); *State Farm Mutual Automobile Ins. Co. v. Amazon.com, Inc.*, C.A. No. 22-1447-CJB, D.I. 146 (D. Del. Feb. 15, 2024) (finding "little question" that the additional custodians "may have relevant information, as Defendants . . . listed them in their supplemental initial disclosures."). The breadth of his knowledge spans much more than a tortious interference claim (*see id.*) and Guardant does not argue that his documents no longer have any relevance, only that such relevance is "diminished." (Guardant Ans. Ltr. Br. at 1). Tellingly, Guardant would not commit to not calling Dr. Eltoukhy at trial.

Given his personal involvement in the ads at issue in the case, and his role at the company, it is likely that his information will not be duplicative or cumulative of other custodians. Guardant did not provide any declaration or affidavit to support any claims of burden. The only burden identified by Guardant was attorney argument that should it be compelled to produce these documents it would blow up the case schedule and would be unfair since Tempus has not designated any C-suite executives. *State Farm*, D.I. 146 (finding where opposing party provided no declarations or affidavits to support its claim of burden and only put forth attorney argument, that argument is "not record material that the Court can easily rely on"); *see also Magnolia Medical Technologies, Inc. v. Kurin, Inc.*, C.A. No. 19-97-CJB, D.I. 153 (D. Del. Sept. 1, 2020) (same).

It is also my understanding, that Dr. Eltoukhy was identified as a custodian and his documents were already collected for purposes of the related patent case between these parties

(C.A. No. 24-687-GBW). Moreover, it is also my understanding that there is a cross-use agreement for productions between the two cases. Therefore, the only additional burden on Guardant would be to run any search terms already agreed on by the parties and then it can either review and produce or produce without review. I therefore order that Guardant put Dr. Eltoukhy back on its list of ESI custodians and produce all relevant documents, including emails, chat messages, and text messages, using the parties' agreed-upon search terms by the extended substantial completion deadline of August 31, 2026.

As to Mr. Ford, Guardant also initially included Mr. Ford in its list of ESI custodians in June and October 2025 (Tempus Op. Ltr. Br. at Exs. 4, 5). Mr. Ford was identified as Guardant's National Sales Director with knowledge of "marketing and sales of Guardant's products." (*Id.*). He was also disclosed in Guardant's Rule 26 initial disclosures as having relevant information. Again, Guardant removed Mr. Ford from its ESI disclosures at the same time it removed Dr. Eltoukhy. *See supra.* In place of Mr. Ford, Guardant added Mr. Lee, who Guardant describes as being "involved in the development of the tissue advertising," a claim that was added in Tempus's amended counterclaims. Mr. Lee, however, did not start at Guardant until two months following the launch of that ad campaign and six months after the filing of this lawsuit. (Tempus Op. Ltr. Br. at 2). While it is possible that Mr. Lee may have relevant information (Tempus does have claims as to Guardant's ongoing ad campaigns), his documents cannot be duplicative or cumulative of Mr. Ford's documents when Mr. Ford was at the company and in the sales department for the entirety of the relevant time period and ad campaigns. Guardant also did not argue that the information that Mr. Ford may have is not relevant, only that its relevance has "diminished" or is covered by other marketing custodians. (Guardant Ans. Ltr. Br. at 2). Again, Guardant failed to establish burden beyond attorney argument as to the case schedule and fairness. *State Farm*, D.I. 146. I therefore

find that good cause exists for Guardant to add back Mr. Ford to its list of ESI custodians and produce all relevant documents, including emails, chat messages, and text messages, using the parties' agreed-upon search terms by the extended substantial completion deadline of August 31, 2026.

2. Guardant Health, Inc.'s Motion to Compel Production and Substitution of ESI Custodians (D.I. 165)

Guardant's Motion to Compel Production in Response to its Fifth Set of Requests for Production is **GRANTED**.

Guardant moves to compel responses to its Requests for Production 165-174 and 176-184. (Guardant Op. Ltr. Br. at Exs. A and B). These requests are directed to documents concerning: "the analytical valuation, quality controls, and published specifications of Tempus's xF+ assay". Tempus has refused to respond to these requests on two grounds: (1) that some of the requests are duplicative and "subsumed" by other requests; and (2) that the requests are only relevant to Guardant's proposed amended complaint which is pending in front of the Court. (*Id.* at 1). During the meet and confer process, Guardant proposed 12 specific search terms for Tempus to use in responding to these requests and mapped each of the terms to the pending requests. (*Id.* and *id.* at Ex. F). After running the search terms, there were 3,000 unique hits. (*Id.* at Ex. F). Guardant also argues that while the requests do address claims in the proposed amended complaint that they are "equally relevant" to the claims and defenses currently at issue in the case. (*Id.* at 1-2).

Based upon the briefing and the argument, it does not seem that there is a dispute that the documents are relevant and Tempus has failed to provide any detailed affidavit or declaration as to burden. *State Farm Mutual Automobile Ins. Co. v. Amazon.com, Inc.*, C.A. No. 22-1447-CJB, D.I. 146 (D. Del. Feb. 15, 2024) (finding where opposing party provided no declarations or affidavits to support its claim of burden and only put forth attorney argument, that argument is "not record

material that the Court can easily rely on"); *see also Magnolia Medical Technologies, Inc. v. Kurin, Inc.*, C.A. No. 19-97-CJB, D.I. 153 (D. Del. Sept. 1, 2020) (same). As to whether the claims are only relevant to the amended complaint, I find that Guardant has made a sufficient showing that there is some relevance to the existing claims, and while the Court has not granted the motion to amend at this time, Tempus has not articulated a specific, supported burden to produce the 3,000 unique hits at this time.

I, therefore, order that Tempus, using the 12 search terms provided by Guardant across custodial and non-custodial databases, produce documents responsive to Requests for Production 165-174 and 176-184 by the extended substantial completion deadline of August 31, 2026.

Guardant also seeks an order to compel Tempus to add two additional ESI custodians, CEO and founder Eric Lefkofsky and Dr. Hall Nimeiri, Chief Development Officer of Oncology. (Guardant Op. Ltr. Br. at 1). This request is **GRANTED IN PART**. It is granted as to Mr. Eric Lefkofsky and denied as to Dr. Hall Nimeiri.

Guardant's request for additional custodians was conveniently filed after Tempus filed its motion seeking to add custodians from Guardant. The parties, unfortunately, throughout this case have resorted to a number of tit-for-tat type motions and arguments. Putting that to the side, however, I will consider Guardant's request on the merits.

As to Mr. Lefkofksy, Guardant argues that there is good cause to add him to the list of Tempus's ESI custodians because Tempus's own documents "show that he personally originated and directed the specific conduct at the center of this case and that his files are a unique, non-cumulative source of relevant evidence." (Guardant Op. Ltr. Br. at 2). Guardant cites specific documents that have already been produced to support its argument that Mr. Lefkofsky was directing and making high level decisions on the facts at issue in this case related to Tempus's

advertising campaigns. (*Id.* and *id.* at Exs. H-J). While I agree with Tempus that some of these documents show that Mr. Lefkofksy was likely only involved at a very high level, the documents do show that he is likely to have relevant information that may be non-duplicative to other produced documents given his role at the company. Moreover, aside from attorney argument, Tempus has not articulated sufficient burden to production of these documents. *See cases at supra.* I, therefore, order Tempus to search for and produce documents from Mr. Lefkofsky by the extended substantial completion deadline of August 31, 2026.

As to Dr. Nimeiri, Guardant spends only a short paragraph describing the potential relevance of her documents. Guardant says she "personally analyzed a Guardant360 patient report and Guardant's clinical-validation data and sent her analysis directly to Lefkofsky" and that since she is a senior executive conducting an independent competitive analysis, it is non-duplicative of any other custodian's information. (Guardant Op. Ltr. Br. at 3). Tempus argues that the first time Dr. Nimeiri was raised as a potential new custodian was in Guardant's opening letter brief and no meet and confer occurred concerning her documents. (Tempus Op. Ltr. Br. at 1). Guardant did not dispute this point at argument and this is concerning as it seems to support Tempus's argument that Guardant moved on these custodians just to try to "be even" with Tempus. Moreover, upon reviewing the documents Guardant relies on to support its claim of relevance, I agree with Tempus that given the timing of the emails, it seems a stretch that she would have relevant and responsive discovery. Tempus also has identified two vice presidents of oncology as the number one and two most likely ESI custodians to have discoverable information concerning the accuracy of the comparisons between the advertisements and communications with customers about the ads, in addition to other topics. (*Id.* at Ex. M p. 3). For these reasons, I deny Guardant's request to add Dr. Nimeiri as a custodian.

This Order has been filed under seal out of an abundance of caution. The parties are ordered to submit a redacted version of this Order pursuant to the Local Rules.

*/s/ Karen E. Keller*
______________________________
Special Master Karen Keller